[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The specific issue framed by the proceedings in these matters is whether General Statutes 8-26a(b) implicitly provides a five year cap on immunity from zoning and subdivision changes, starting from the date of initial approval.
The statute unequivocally places a five year limit on the period during which work connected with an approved subdivision plan must be completed. General Statutes 8-26c.
Since General Statutes 8-26c and 8-26a are two sections of the same statutory provision, it is apparent that the five year cap provided in part (c) should also pertain to part (a). Only in the event that 8-26a(b) is read in a vacuum can one CT Page 9802 assume claimants proceeding under that provision to be eternally impervious to zoning changes.
Professor Tondro explains that "Sections 8-26a(b) and 8-28a
provide the property owner with the same protections against changes in the zoning regulations and boundaries as sections8-26a(a) and 8-26 (b) provide with regard to changes in the subdivision regulations." Tondro, Connecticut Land Use Regulations at 105 (1979).
 . . . in 1977 the legislature adopted section 8-26c(b) which in effect amends the measuring period in section 8-26a(a). The 1977 change provides that subdivision approvals expire automatically after five years if `all work' on the subdivision has not been completed. As a result, the subdivision would no longer be protected by section 8-26a from the impact of regulations adopted subsequent to the subdivision's approval, because the subdivision would no longer be approved.
Tondro, Connecticut Land Use Regulations, Supplement, at 55 (1983).
The five year limitation adheres to Conn. General Statutes8-26a (b). Accordingly, the appeals of the appellants are denied.
FORD, JUDGE